UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

**07 CIV 9619**

Docket No.:

BENTZION SCHNEIDER,

                Plaintiff,

-against-

**COMPLAINT**

MARTIN APTER AND
MIRIAM APTER,

                Defendants

---

The Plaintiff above named, complaining of the Defendants, by his attorney, DAVID J. SEIDEMANN, respectfully alleges as follows:

### PARTIES

1. At all times herein mentioned, Plaintiff **BENTZION SCHNEIDER** was a resident of Lakewood, New Jersey.

2. At all times herein mentioned, Defendant **MARTIN APTER** was, and still is, a resident of the Town of Ramapo, in the County of Rockland in the State of New York.

3. At all times herein mentioned, Defendant **MIRIAM APTER** was, and still is, a resident of the Town of Ramapo, in the County of Rockland in the State of New York..

### JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (a), as the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

1

5.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 (a), as it is the district where a substantial part of the events giving rise to the claims alleged herein occurred.

## FACTS

6.  Defendant **MARTIN APTER** was the owner of a 1999 Pontiac motor vehicle bearing New York State registration number BMH 2022.

7.  At all times herein mentioned, Defendant **MIRIAM APTER** was the operator of a 1999 Pontiac motor vehicle bearing New York State registration number BMH 2022.

8.  At all times herein mentioned, Plaintiff **BENTZION SCHNEIDER** was the operator of a 1997 Buick motor vehicle bearing New York State registration number DBM 2B22.

9.  At all times herein mentioned, the intersection of Carlton Road with Sands Point Road in the Town of Ramapo, County of Rockland, State of New York, were public roadways, streets and/or thoroughfares.

10. On August 1, 2006, Defendant **MIRIAM APTER** was operating the vehicle owned by **MARTIN APTER** at the aforementioned location.

11. On August 1, 2006, Plaintiff **BENTZION SCHNEIDER** was operating his motor vehicle at the aforementioned location.

12. On August 1, 2006, at the aforementioned location, the motor vehicle owned by Defendant **MARTIN APTER** and operated by Defendant **MIRIAM APTER** came into contact and collided with the motor vehicle owned and operated by **BENTZION SCHNEIDER**.

13. As a result of the aforesaid collision, Plaintiff **BENTZION SCHNEIDER** was injured.

14. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

15. Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

16. By reason of the foregoing, Plaintiff **BENTZION SCHNEIDER** sustained severe and permanent personal injuries; and Plaintiff **BENTZION SCHNEIDER** was otherwise damaged.

17. Plaintiff **BENTZION SCHNEIDER** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

18. Plaintiff **BENTZION SCHNEIDER** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

19. Plaintiff **BENTZION SCHNEIDER** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

20. This action falls within one or more of the exceptions set forth in CPLR §1602.

21. By reason of the foregoing, Plaintiff **BENTZION SCHNEIDER** has been damaged in a sum of one million dollars.

**WHEREFORE**, Plaintiff demands judgment against the Defendants herein, in the amount of one million dollars, together with the costs and disbursements of this action.

Dated:    Brooklyn, New York
          October 24, 2007

                                        Yours, etc.

                                        _____
                                        DAVID J. SEIDEMANN
                                        SEIDEMANN & MERMELSTEIN
                                        Attorneys for Plaintiff(s)
                                        BENTZION SCHNEIDER
                                        Attorneys for Defendant(s)
                                        974 East 27th Street
                                        Brooklyn, New York 11210
                                        (718) 692-1013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

**Docket No.:**

BENTZION SCHNEIDER,

               Plaintiffs,

    -against-

**JURY DEMAND**

MARTIN APTER
AND MIRIAM APTER,

               Defendants.

**JURY DEMAND**

    Plaintiff hereby demands trial by jury.


Dated: Brooklyn, New York
        October 24, 2007

                                     Yours, etc.

                                       DAVID J. SEIDEMANN
                                     Attorney for Plaintiff
                                     BENTZION SCHNEIDER
                                     SEIDEMANN & MERMELSTEIN
                                     974 East 27th Street
                                     Brooklyn, New York 11210
                                     (718) 692-1013

## ATTORNEY'S VERIFICATION

DAVID J. SEIDEMANN, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SEIDEMANN & MERMELSTEIN, attorneys of record for Plaintiff BENTZION SCHNEIDER. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

DATED:  Brooklyn, New York
        October 24, 2007

_____
DAVID J. SEIDEMANN